## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE (WILMINGTON)

| | | |
|---|---|---|
| LOCAL UNION NO. 313 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS OF WILMINGTON, DELWARE HEALTH AND WELFARE FUND, *et al.* | : : : : : | CIVIL ACTION NO: 1:07-cv-00762-JJF-MPT |
| Plaintiffs, | : : | |
| v. | : : | |
| RGS ELECTRICAL, INC. | : : : | |
| Defendant. | : | |

### JOINT STIPULATION FOR ENTRY OF CONSENT ORDER AND JUDGMENT

It is stipulated and agreed by the undersigned that the attached proposed Consent Order and Judgment may be entered without further notice or hearing.

**For The Funds**

BY: _/s/ Rick S. Miller_
Rick S. Miller, Esquire
(Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

Attorney for the Funds

**For Company**

BY: _/s/ Randy Spencer_
Randy Spencer, Vice President
R.G.S. Electrical Inc.
Attn: Randy Spencer & Matthew Alexander
895 B. Nottingham Road
Elkton, MD  21921
(410) 620-2367
(410) 398-7929 (fax)
spencerrgs@aol.com

192458-1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE (WILMINGTON)

| | |
|---|---|
| LOCAL UNION NO. 313 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS OF WILMINGTON, DELWARE HEALTH AND WELFARE FUND, *et al.*     Plaintiffs, <br><br> v. <br><br> RGS ELECTRICAL, INC. <br><br> Defendant. | CIVIL ACTION <br> NO: 1:07-cv-00762-JJF-MPT |

**CONSENT ORDER AND JUDGMENT**

Upon agreement of the parties, the International Brotherhood of Electrical Workers Local Union No. 313 Benefit Funds ("Funds") and RGS Electrical, Inc. ("Company"), hereby stipulate to entry of judgment in favor of the Funds and against Company as set forth herein:

WHEREFORE, this 6th day of February, 2008, judgment is hereby entered in favor of the Funds and against Company and it is ORDERED by the Court that:

1. This Consent Order and Judgment is entered pursuant to the terms of the January 15, 2008 Settlement Agreement ("Agreement") between the Funds and Company and all the terms and conditions of that Agreement are incorporated herein as if fully restated.

2. Judgment in the total sum of **$147,324.86** is entered in favor of the Funds against Company. This amount includes the following:

| | |
|---|---|
| Principal | $ 80,882.46 |
| Interest (calculated through 1/15/08) | $ 4,600.86 |
| Liquidated Damages | $ 56,908.98 |
| Overage | ($ 1,586.38) |
| Attorneys' Fees & Costs | $ 6,518.94 |
| **Total Debt** | **$ 147,324.86** |

192458-1

3. Within twenty (20) days of the entry of this Order, Company shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

4. Company shall submit to an audit of its wage, payroll, and personnel records for all periods for which Company is obligated to contribute to the Funds within twenty (20) days of a request by the Funds, and Company shall pay all contributions, interest, and liquidated damages determined from such audit to be due, as well as the costs of such audit.

5. Company shall pay to the Funds any additional reasonable attorneys' fees and costs incurred thereafter in connection with this case to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1 above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003).

6. Because of Company's persistent failure to meet its reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, Company, its officers, agents, servants, employees, attorneys, and all persons acting on Company's behalf or in conjunction with it shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Company is obligated to do so under the current and any future collective bargaining agreement(s) to which it is bound.

192458-1

7. This Consent Order and Judgment is subject to execution in any court of competent jurisdiction, and any and all terms of this Consent Order and Judgment may be enforced by the Funds in any court of competent jurisdiction.

8. If Company fails to comply with any of the terms of this Consent Order and Judgment, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Company, and may at that time ask for further appropriate monetary and/or injunctive relief.

11. This Consent Order and Judgment is enforceable by the Funds individually, singly or jointly, or by their agent.

12. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer to other jurisdictions upon the request of the Funds and payment of any required fee.

BY THE COURT:

Date: February 6, 2008

By: _____
United States District Judge

192458-1